IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-19-00345-PRW |
| | ) | |
| SOCORRO LERMA-AGUIRRE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a Motion to Dismiss (Dkt. 17) the Indictment (Dkt. 14) charging her with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). The Government has filed a Response in Opposition to Motion to Dismiss Indictment (Dkt. 18), putting the matter at issue. For the reasons discussed below, Defendant's Motion to Dismiss (Dkt. 17) is **DENIED**.

### *Background*

Defendant alleges that President Donald Trump has made "inflammatory, racist[, and] . . . . incendiary comments" that "have irreparably tainted the jury pool."[1] In support, she attaches a 58-page report (Dkt. 17-1) that purports to "catalog the first 200+ documented examples of racism by Trump and his administration from January 2017-August 2018" and a 46-page printout (Dkt. 17-2) of select tweets collected by

---

[1] Def.'s Mot. to Dismiss (Dkt. 17) at 1–2.

Factba.se[2] and attributed to the President and his administration. Defendant argues that the President's comments "have pervaded the national consciousness and even sparked violence and hatred against people like [her]" such that she cannot obtain an impartial jury as guaranteed by the Sixth Amendment of the U.S. Constitution and "cannot receive a fair trial" as guaranteed by the Due Process Clause of the Fifth Amendment.[3] Defendant asks the Court to "presume prejudice due to pretrial publicity that renders impartiality on the part of a juror impossible."[4] Defendant argues that the prejudice cannot be cured through change of venue or through questioning of potential jurors at voir dire.[5] She submits that the Government could avoid these problems by exercising its administrative option of deportation.[6] But if the Government insists on prosecution, Defendants requests either dismissal of her indictment or that the Government be required to demonstrate at an evidentiary hearing "how the entire jury pool has not been tainted by President Trump's racism."[7]

---

[2] The self-declared "mission" of Factba.se is "to make available, unedited, the entire corpus of an individual's public statements and recordings" without "engag[ing] in news or interpretation" or "debate, or characterizations of comments." *Donald Trump. Speeches. Tweets. Policy. Unedited. Unfiltered. Instantly.*, FACTBA.SE, https://factba.se/trump (follow "Mission" hyperlink) (last visited Dec. 9, 2019). However, its method of attributing "likely" authorship of tweets injects a subjective element to its work that raises the specter of partiality in that attribution. *See* Donald Trump – Twitter (Dkt. 17-2) at 1 (listing the authors of the first two tweets as "Likely Staff" and "Likely Trump").

[3] Def.'s Mot. to Dismiss (Dkt. 17) at 1–2.

[4] *Id.* at 2.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

The Government responds by arguing that Defendant has failed to meet her high burden of proving that the Court cannot impanel an impartial jury and that her motion should consequently be denied.[8]

Both parties point out that Judges Palk and Cauthron have already denied similar motions to dismiss.[9]

*Applicable Law*

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law,"[10] and the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the States and district wherein the crime shall have been committed . . . ."[11] "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors."[12]

When faced with the argument that prejudice should be presumed from pretrial publicity alone, the Supreme Court has found prejudice "only in exceptional settings—where the trial became 'a hollow formality' or when the courthouse proceedings were

---

[8] United States' Resp. in Opposition to Mot. to Dismiss Indictment (Dkt. 18) at 3.

[9] *Id.* at 1–2 (citing *United States v. Chavez Cortes*, No. 5:19-cr-00259-C, slip op. (Dkt. 20) (W.D. Okla. Oct. 1, 2019); *United States v. Hernandez-De Loera*, No. 5:19-cr-00238-SLP, slip op. (Dkt. 27) (W.D. Okla. Aug. 29, 2019)); Def.'s Mot. to Dismiss (Dkt. 17) at 1 n.1 (same).

[10] U.S. Const. amend. V.

[11] *Id.* amend. VI.

[12] *Irvin v. Dowd*, 366 U.S. 717, 722 (1961).

overrun by the press 'to accommodate the public appetite for carnival,'"[13] or "where publicity 'created either a circus atmosphere in the court room or a lynch mob mentality such that it would be impossible to receive a fair trial.'"[14] The Tenth Circuit has noted that it is the Defendant's burden to prove presumed prejudice from pretrial publicity, and "th[at] bar . . . is extremely high."[15] "Simply showing that all the potential jurors knew about the case and that there was extensive pretrial publicity will not suffice to demonstrate that an irrepressibly hostile attitude pervaded the community."[16]

*Analysis*

The Court agrees with the Government that Defendant has failed to satisfy her burden of proof. The material cited by Defendant in support of his motion, without more, are insufficient to satisfy the extremely high burden of proving presumed prejudice. Defendant identifies no comments that specifically address her case and no comments by a potential juror from this district. There has been no showing of a "circus atmosphere" or "public appetite for carnival" concerning illegal reentry cases, nor has there been a showing of a "lynch mob mentality" that would make Defendant's trial "a hollow formality." Furthermore, the Court agrees with Judge Palk's conclusion that "Defendant's argument

---

[13] *Gardner v. Galetka*, 568 F.3d 862, 888 (10th Cir. 2009) (quoting *Murphy v. Florida*, 421 U.S. 794, 799 (1975), and citing *Sheppard v. Maxwell*, 384 U.S. 333 (1966); *Estes v. Texas*, 381 U.S. 532 (1965); *Rideau v. Louisiana*, 373 U.S. 723 (1963)).

[14] *Goss v. Nelson*, 439 F.3d 621, 628 (10th Cir. 2006) (quoting *Hale v. Gibson*, 227 F.3d 1298, 1331 (10th Cir. 2000)).

[15] *United States v. McVeigh*, 153 F.3d 1166, 1181 (10th Cir. 1999), *overruled on other grounds by Hooks v. Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999).

[16] *Stafford v. Saffle*, 34 F.3d 1557, 1567 (10th Cir. 1994).

that [s]he cannot receive a fair trial 'in any district court in the United States,' sweeps too broadly."[17] Lastly, Defendant fails to offer any reasoned argument demonstrating that the Court's voir dire process cannot and will not ensure the impartiality of the jury panel. Defendant merely makes conclusory statements, without citation to authority, that voir dire is not an acceptable tool for ferreting out juror bias and that the Court cannot rely on jurors' statements that they can be fair and impartial.

Defendant has not stated grounds sufficient to warrant any presumed prejudice. Consequently, dismissal of the indictment is not warranted.

*Conclusion*

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. 17) is **DENIED**.

**IT IS SO ORDERED this 10th day of December, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[17] *United States v. Hernandez-De Loera*, No. 5:19-cr-00238-SLP, slip op. (Dkt. 20) at 3 (W.D. Okla. Aug. 29, 2019).